Opinion and Award based upon the record of the proceedings before Deputy Commissioner Nance. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or the representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties as
STIPULATIONS
1. Defendant-employer regularly employed three or more employees.
2. The date of alleged injury was 3 July 1993.
3. Ohio Casualty was the compensation carrier on the risk.
The issue heard and determined was whether the employer-employee relationship existed between plaintiff and defendant-employer.
*************
Based upon the competent evidence adduced from the record, the undersigned makes the following
FINDINGS OF FACT
1. Plaintiff has been a drywall finisher for over 15 years. He was known throughout his locality as a skilled drywall finisher and he worked under the name Phillip Wells Drywall.
2. Defendant-employer D.H. Whitley is a drywall and insulation subcontractor. Defendant-employer does hire employees on whom it carries workers' compensation coverage.
3. In December 1990 defendant-employer began contracting with plaintiff to work hanging drywall on jobs Whitley had contracted to perform. Plaintiff was to be paid by the board.
4. Plaintiff understood that he worked for Whitley by the contract and that if Whitley did not have a contract there would be no work for plaintiff and plaintiff would not be paid. There were periods when Whitley would go for weeks at a time without work for plaintiff and plaintiff did not file for unemployment.
5. Plaintiff was free to use such assistants as he thought proper, and on occasion he did bring his son as a helper.
6. When plaintiff received his pay from Whitley, it was calculated by the board, no deductions were withheld, and it was clearly stated "sub" at the bottom.
7. Whitley did not direct or control plaintiff in the manner in which he carried out the work he was to perform. Plaintiff had his own job to do, he set his own time to do it, and he accomplished it without direction from Whitley.
8. It was plaintiff's and defendant-employer's understanding that if plaintiff wanted to continue to get work through Whitley plaintiff could not do work for other contractors and thus compete with Whitley.
9. Prior to the amendment to G.S. § 97-19 which permitted subcontractors with no employees to sign waivers, defendant-employer carried workers' compensation on its employees and it subcontractors. Upon enactment of that amendment, defendant-employer gave its sub-contractors with no employees the option of signing the waiver or continuing to be covered for workers' compensation by defendant-employer, who would deduct the premiums from the subcontractor's pay.
10. Defendant-employer's policy of workers' compensation insurance ran from 10 December 1992 to 10 December 1993.
11. Plaintiff can read and write.
12. On 10 December 1992 plaintiff signed the standard "SubContractor's Waiver of Workers' Compensation Coverage" form which clearly states that he "waive[d] any right to benefits under the North Carolina Workers' Compensation Act which might arise out of and in the course of my work as a sub-contractor for the indicated contractor." The form further states that the waiver "shall be effective from the date it is signed until the expiration date of the subletting contractor's current workers' compensation insurance policy."
13. Plaintiff does not contest signing this form. Rather, he contends that he understood he was waiving benefits for the year that had just ended (1992).
14. Mr. Whitley understood when he presented the waiver to plaintiff to sign that the waiver covered the upcoming policy year, as it clearly stated on the form.
15. There was no fraud, duress, misrepresentation, or mutual mistake in the execution of the waiver in December 1992.
16. Mr. Whitley did not make any representations to plaintiff or his wife before or at the time of the injury that the plaintiff was covered by workers' compensation insurance through defendant employer.
**************
The foregoing stipulations and findings of fact engender the following
CONCLUSIONS OF LAW
1. The employer-employee relationship did not exist between plaintiff and defendant-employer on 3 July 1993. Plaintiff was a skilled drywall hanger engaged in an independent calling who used his skill, knowledge and training in the execution of his work to do work on a contract basis to be paid by the board. He was not in the regular employ of defendant-employer, he was free to use such assistants as he thought proper, he selected his own time, and defendant-employer did not assert or exercise the right to control the manner or method that plaintiff did the work. Hayes v. Board of Trustees, 224 N.C. 11 (1944). The undersigned is of the opinion that the fact that plaintiff and defendant-employer had an understanding that plaintiff could not continue to get work through defendant-employer and also compete against defendant-employer did not in and of itself create the relationship of employer and employee. Plaintiff was an independent contractor working as a subcontractor with no employees on 3 July 1993.
2. Plaintiff, who is fully capable of reading, voluntarily signed a waiver which on its face clearly stated that he was waiving rights to benefits under the Workers' Compensation Act from the date it was signed, not for the prior year. Therefore, pursuant to G.S. § 97-19, defendant-employer shall not be liable for compensation or other benefits under the Workers' Compensation Act to plaintiff who waived in writing his right to coverage under G.S. § 97-19.
**************
The foregoing stipulations, findings of fact and conclusions of law engender the following
AWARD
1. The Dismissal of Plaintiff's claim by Deputy Commissioner Nance is hereby AFFIRMED.
2. Each side shall pay its own costs.
 S/ _________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________________ BERNADINE BALLANCE COMMISSIONER
S/ _________________________ COY M. VANCE COMMISSIONER